# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC.<br><br>Plaintiff(s),<br><br>v.<br><br>HAUTE LIVING INC., et al.<br><br>Defendant(s). | Case No.<br>2:21−cv−06543−MEMF−SK<br><br>**REASSIGNMENT ORDER**<br>(GENERAL ORDER 21-1 − SECTION II.B) |

**IT IS ORDERED** that this case is reassigned to the Honorable Maame Ewusi-Mensah Frimpong for all further proceedings. The Court further orders as follows:

1. All future filings shall bear the initials MEMF immediately after the case number.
2. All subsequent hearings shall be held in Courtroom 8B on the 8th Floor of the United States Courthouse, 350 West 1st Street, Los Angeles, California.
3. All matters previously referred to a magistrate judge shall remain before that magistrate judge.

4. Cases previously referred to an ADR process, whether at filing, by order of the previously assigned judge, or by stipulation and order, shall proceed under the terms of the applicable ADR local rule. Dates for previously scheduled ADR telephone conferences shall remain in effect.

5. All discovery cutoff dates and other deadlines associated with this case, such as disclosure and expert deadlines, shall remain in effect.

6. All case management conference dates are vacated and will be reset by the Court.

7. Except for matters noticed for hearing before a magistrate judge, all law and motion hearing dates are vacated and must be re-noticed by the moving party.

8. All pretrial conferences and trial dates currently set for dates earlier than January 1, 2023, are vacated.

9. All pretrial conferences and trial dates currently set for January 1, 2023, or after, as well as other deadlines associated with the case, shall remain in effect.

10. Each party is expected to review and become familiar with any and all applicable standing orders. In addition to the foregoing, the parties are hereby ordered to file a joint case management statement within 15 days of the date of this Order. Separate statements are appropriate if any party is proceeding without counsel. The statement should not exceed ten pages in length, should not contain attachments, and should address the following items in the following order:

    a. The date the case was filed;

    b. A list or description of each party;

    c. A summary of all claims, counter-claims, cross-claims, or third party claims;

    d. A brief description of the events underlying the action;

e. A description of the relief sought and the damages claimed with an explanation as to how damages have been (or will be) computed;

f. The status of discovery, including any significant discovery management issues, as well as any limits or cutoff dates;

g. A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, any appellate proceedings that are pending or concluded, and any previous referral to a magistrate judge;

h. A description of any other deadlines in place before reassignment, including those for dispositive motions, pretrial conferences, and trials;

i. Any requested modification of these dates, and the reasons for the request;

j. Whether the parties will consent to a magistrate judge for trial;

k. Whether there exists an immediate need for a case management conference to be scheduled in the action, and why the parties believe such a need exists; and

l. A plain and specific statement of any immediate relief sought, if applicable, regarding the case schedule.

Dated: February 14, 2022

By: _____
MAAME EWUSI-MENSAH FRIMPONG
United States District Court Judge