Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

*Attorneys for Plaintiffs*,
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation;<br><br>             Plaintiffs,<br><br>     v.<br><br>HAUTE LIVING INC., a Florida corporation; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.:2:21−cv−06543−MEMF−SK<br>Hon. Maame Ewusi-Mensah Frimpong<br><br><br>**JOINT CASE MANAGEMENT STATEMENT** |

BACKGRID USA, INC a California limited liability company ("Plaintiff") and HAUTE LIVING, INC, a Florida corporation; and DOES 1-10, inclusive, ("Defendants") hereby submit the following Joint Case Management Statement.

**a.  The date the case was filed**

The above captioned action was filed on August 12, 2021.

**b.  A list or description of each party**

Plaintiff Backgrid USA, Inc.

Defendant Haute Living, Inc.

**c.  A summary of all claims, counter-claims, cross-claims, or third party claims**

Backgrid USA, Inc. alleges a claim for copyright infringments against Haute Living, Inc.

**d.  A brief description of the events underlying the action**

Plaintiff Backgrid USA, Inc. is a celebrity photo agencies who is in business of licensing their photos to top tier media outlets. Backgrid alleges that Defendant Haute Living, infringed copyrights to at least 5 timely registered photographs (collectively "Photos"). Backgrid further contends that the infringement was willful. Haute Living denies these allegations.  Backgrid attempted to resolve this dispute prior to filing the lawsuit, but the Parties were unable to reach an agreement. Defendant Haute Living, Inc. is a luxury lifestyle magazine and also owns various social media accounts, including an Instagram account upon which, Haute Living contends, the Photos were re-posted with full attribution to their original source and before any registration with the U.S. Copyright Office had occurred. Haute Living contends those Photos were immediately removed upon receipt of a notice from Plaintiff.

//

//

//

**e.   A description of the relief sought and the damages claimed with an explanation as to how damages have been (or will be) computed**

Plaintiff may elect actual or statutory damages under 17 U.S.C. § 504 at any time before judgment. Plaintiff will also move for attorneys' fees. Actual damages cannot be determined by Plaintiff without discovery. Statutory damages exposes Defendant for up to $150,000 per photo if willful infringement is proven.

Defendant believes that, if infringement and willfulness were proven, Plaintiff suffered at best de minimus actual damages, and that this would similarly reflect the amount of any statutory damages that may be awarded.

**f.   The status of discovery, including any significant discovery management issues, as well as any limits or cutoff dates**

The parties are currently engaging the written discovery. No issues are apparent at this time. The current discovery cutoff deadline is July 8, 2022.

**g.   A procedural history of the case, including any previous motions that were decided or submitted, any ADR proceedings or settlement conferences that have been scheduled or concluded, any appellate proceedings that are pending or concluded, and any previous referral to a magistrate judge**

Haute Living has answered and the parties are conducting discovery. The mediation deadline is August 22, 2022.

**h.   A description of any other deadlines in place before reassignment, including those for dispositive motions, pretrial conferences, and trials**

- Last Day to Add Parties/AmendPleadings- January 24, 2022
- Non-expert Discovery Cut-off- July 8, 2022
- Expert Disclosure (Initial)- June 10, 2022
- Expert Disclosure (Rebuttal)- July 8, 2022

- Expert Discovery Cut-off - August 5, 2022
- Last Day to Hear Motions- August 8, 2022
- Last Day to Conduct ADR Proceeding- August 22, 2022
- File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine-  October 3, 2022
- Lodge Pretrial Conference Order, fileagreed set of Jury Instructions andVerdict forms, file statement regardingDisputed Instructions and VerdictForms, and file oppositions-  October 11, 2022
- Final Pretrial Conference and Hearingon Motions in Limine- October 24, 2022, at 11:00 a.m.
- Trial Date (Est. 3 Days)- November 15, 2022, at 8:30 a.m.

**i.  Any requested modification of these dates, and the reasons for the request**

The Parties do not request any modifications as this time.

**j.  Whether the parties will consent to a magistrate judge for trial**

The Parties do not consent to a magistrate judge for trial.

**k.  Whether there exists an immediate need for a case management conference to be scheduled in the action, and why the parties believe such a need exists**

The Parties do not believe there is an immediate need for a case management conference.

**l.  A plain and specific statement of any immediate relief sought, if applicable, regarding the case schedule.**

No relief is requested.

| | | |
|---|---|---|
| Dated: March 1, 2022 | | **ONE LLP** |
| | By: | */s/ Joanna Ardalan* |
| | | Joanna Ardalan |
| | | Peter R. Afrasiabi |
| | | *Attorneys for Plaintiff,* |
| | | Backgrid USA, Inc. |
| Dated: March 1, 2022 | | **MYERS LAW GROUP** |
| | By: | */s/ Michael Kowsari* |
| | | Michael M. Kowsari |
| | | Nicholas D. Myers |
| | | *Attorneys for Defendant,* |
| | | Haute Living, Inc.\ |

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)**

Pursuant to Local Rule 5-4.3.4(2)(i), I, Joanna Ardalan attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By: */s/ Joanna Ardalan*
      Joanna Ardalan